**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4100**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

AMY C. SMITH,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:07-cr-00034-PMD-1)

_____

Submitted:  June 19, 2008               Decided:   June 24, 2008

_____

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Debra Y. Chapman, DEBRA CHAPMAN, PA, Columbia, South Carolina, for
Appellant.  Michael Rhett DeHart, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amy C. Smith pled guilty to conspiracy to commit wire fraud, 18 U.S.C.A. §§ 1343, 1349 (West 2000 & Supp. 2008). She was sentenced to a term of thirty months imprisonment and ordered to make restitution in the amount of $378,113.42. Smith's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adjustment for abuse of a position of trust, U.S. Sentencing Guidelines Manual § 3B1.3 (2007), but stating that, in her view, there are no meritorious issues for appeal. Smith has been informed of her right to file a pro se supplemental brief, but has not filed a brief.

This court reviews de novo the district court's determination that the defendant held a position of trust under § 3B1.3, and reviews the factual findings that support the adjustment for clear error. United States v. Ebersole, 411 F.3d 517, 535-36 (4th Cir. 2005); United States v. Caplinger, 339 F.3d 226, 235-36 (4th Cir. 2003). The adjustment applies if the position of public or private trust significantly facilitated the commission or concealment of the offense. USSG § 3B1.3, comment. (n.1.) Smith committed the offense while she was employed as a paralegal at a law firm, with access to the firm's escrow and trust account and the ability to write checks and make wire transfers. Using two checks and a wire transfer, Smith transferred more than $690,000 out of the firm's escrow account for the benefit of her

co-defendant and herself.  We conclude that the district court did not err in deciding that Smith occupied a position of trust, which facilitated her commission of the offense.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm the conviction and sentence.  This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>